PALMER, J.
 

 Robert Courtemanche (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of trafficking in methamphetamine (meth), possession of ether and/or pseudo-ephedrine, and possession of cannabis. The defendant was charged based on physical evidence that was seized during the execution of a search warrant on a shed located on his property. Finding no reversible error, we affirm.
 

 The defendant first argues that the trial court abused its discretion in admitting into evidence testimony concerning his possession of meth at the time he was arrested, arguing that said evidence of an uncharged collateral crime (i.e., Williams
 
 [1]
 
 rule evidence), was inadmissible because it was completely irrelevant and extraneous to the charged offenses. The State responds to this claim of error by arguing that this court should affirm the trial court’s admission of the evidence concerning the defendant’s possession of meth at the time of his arrest because said evidence was inseparable from the crimes charged and, thus, relevant to adequately describe the events at issue. We agree.
 

 “[Cjollateral crime evidence may be admissible if it is inextricably intertwined with the crime charged.”
 
 Fitzsimmons v. State,
 
 935 So.2d 125, 128 (Fla. 2d DCA 2006)(citing
 
 Griffin v. State,
 
 639 So.2d 966, 968 (Fla.1994)). In
 
 State v. Rambaran,
 
 975 So.2d 519, 524 (Fla. 3d DCA 2008), the Third District explained that
 

 evidence is inextricably intertwined if it is necessary to: (1) establish the entire context out of which the charged crimes arose, (2) provide an intelligent account of the crimes charged, or (3) adequately describe the events leading up to the crimes.
 

 (Citations omitted.)
 

 The evidence demonstrating that the defendant was in possession of three baggies of meth at the time he was arrested was properly admitted at trial because such evidence was inextricably intertwined to the crimes charged. The State’s evidence demonstrated that the defendant’s arrest took place at the same time as the police were executing a search warrant at the defendant’s property and seizing trafficking amounts of meth from his shed a short distance away. Furthermore, the record also indicates that any error occasioned by the admission of this evidence was harmless in light of the abundance of evidence demonstrating the defendant’s guilt.
 

 The defendant next argues that the trial court reversibly erred in denying his motion for mistrial which was raised during the prosecutor’s cross-examination of the defendant concerning the contents of a confession letter written by him. The motion for mistrial was based on the argument that, during his cross-examination, the prosecutor made an improper com
 
 *772
 
 ment regarding the defendant’s exercise of his right to remain silent.
 

 During his cross-examination of the defendant, the prosecutor first questioned him about his defense theory: that it was his friend and not him that was involved in manufacturing meth in the shed located on his property. The prosecutor then questioned the defendant about his confession letter.
 

 Q And you knew at the time that you wrote this letter and asked your attorney to give it to the Court and to give it to the State that you were charged with trafficking in methamphetamine, didn’t you?
 

 A Did I know that I was charged with it?
 

 Q Yes, sir.
 

 A Yes, sir, I knew I was charged with trafficking in methamphetamine as soon as they arrested me.
 

 Q So a letter that you provide to the State, through your attorney, to provide to the Court, through your attorney, and you know that you’re charged with trafficking in methamphetamine says and I quote, yes, I made a very stupid mistake. The time when you’re here—
 

 A By letting him manufacture methamphetamine in my shed, yes, I did. Q Well, the letter that you provided through your attorney doesn’t say I made a stupid mistake by hanging out with Andy Harris, letting him climb my trees, letting him go in and out of the shed—
 

 A When you—
 

 Q Sir, can I finish my question? Letting him go into my shed at his liberty ten to 15 feet where my wife and daughter
 

 [[Image here]]
 

 Q You didn’t say that in the letter, did you?
 

 A No. But that right there covers it.
 

 Q Well, it covers now when you take the stand after never telling anybody any of this stuff before and for the first time spill all this stuff out in front of the jury, you didn’t—
 

 (Emphasis added.) At side-bar, the parties proceeded as follows:
 

 [DEFENSE COUNSEL]: That is a clearly impermissible comment on his right to remain silent, number one. And number two, that law also says that if It’s a comment that is fairly susceptible to being interpreted as an impermissible comment on his right to remain silent, therefore the defendant ought to have the benefit of a mistrial in this case, Judge. And I so move that we have a mistrial in this case.
 

 THE COURT: Response?
 

 [PROSECUTOR]: Judge, my whole line of inquiry was referring to this letter where moments before the defendant said everything that he is now saying to this jury was covered right there in this letter which it clearly is not. It’s not contained in the letter which at the time he was waiving his Fifth Amendment right to be heard. The letter is already in evidence. My entire comment was directed towards his comment that everything he’s now told us was in that letter where it is clearly not.
 

 [[Image here]]
 

 [PROSECUTOR]: Well, and the context of this should be clear on the record, Judge. That the defendant has now testified that all these prior sales, everything that was in his shed, all the prior interaction with Andy Harris that’s documented in the Lake County cases that they have all the information about and yet they’re telling the State that they should try to dance around those issues and you can’t ask him about that, that
 
 *773
 
 should be the context that all of this is read in. And everything that I’ve asked so far and will continue to ask will be fair comment on the evidence that the defendant has put in now. So if there’s an appeals court reviewing this and they’re saying what is the context that the prosecutor is working in here. This defendant gets up here and has now blamed all this stuff on somebody else on cases he knows are pending in another county, that he’s got all the arrest reports on, that he has listened to audio tapes of transactions on, that he has watched video tape transactions on, that from the State’s perspective he has accepted and was in possession of cash from those sales and deliveries, and to now just say that the State has to dance around any issue of what he might have said about these sales and deliveries in the past is completely unfair and it has to be read in the context of the comments.
 

 [DEFENSE COUNSEL]: I can go with that. I see exactly what he’s saying and he’s framed the issue against himself and that is exactly what he’s doing, so the Court of Appeals has it right in front of them. Yeah. I say yeah. Because he is very well prepared. He is getting on the stand. He is telling his story for the first time today. And I think they ought to be able to delve into the fact that he didn’t say anything in the past and that’s an exercise on his rights, I can live with that.
 

 THE COURT: Okay.
 

 (Emphasis added.) When the trial resumed, no curative instruction was issued by the trial court and the prosecutor proceeded with his cross-examination. Notably, the prosecutor did not ask the defendant to answer his previous question, but instead, moved on to a different area of inquiry.
 

 The defendant maintains that the trial court reversibly erred by denying his mistrial motion, arguing that the prosecutors question was clearly susceptible of being interpreted by the jury as a comment on his exercise of his right to remain silent. However, the record indicates that defense counsel abandoned his objection to the prosecutor’s comment during the course of the parties’ side-bar discussion. Furthermore, the record also indicates that any error occasioned by the prosecutor’s question was harmless in light of the abundance of evidence indicating the defendant’s guilt, especially his own confession letter.
 

 The defendant next argues that the trial court abused its discretion by admitting into evidence the confession letter which the defendant sent to the prosecutor and the trial judge before he decided to withdraw his guilty plea agreement and proceed to trial. The defendant contends that the admission of the letter was improper because it was the product of the defendant’s decision to enter a guilty plea. We disagree.
 

 The defendant maintains that the trial courts decision to permit the State to introduce his confession letter into evidence •violated section 90.410 of the Florida Statutes (2007), and rules 3.170(f) and 3.172(i) of the Florida Rules of Criminal Procedure because the letter “was the product of the defendant’s decision to enter a plea of guilty”.
 

 Section 90.410 of the Florida Statutes provides:
 

 90.410. Offer to plead guilty; nolo contendere; withdrawn pleas of guilty Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere
 
 *774
 
 to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837.
 

 § 90.410, Fla. Stat. (2007). Rule 3.172ffi of the Florida Rules of Criminal Procedure provides:
 

 Rule 3.172. Acceptance of Guilty or Nolo Contendere Plea
 

 [[Image here]]
 

 (i) Evidence. Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
 

 Fla. R.Crim. P. 3.172(i). Rule 3.170(f) of the Florida Rules of Criminal Procedure provides:
 

 Rule 3.170. Pleas
 

 [[Image here]]
 

 (f) Withdrawal of Plea of Guilty or No Contest. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty or no contest of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty or no contest. The fact that a defendant may have entered a plea of guilty or no contest and later withdrawn the plea may not be used against the defendant in a trial of that cause.
 

 Fla. R.Crim. P. 3.170(f).
 

 Here, the defendant’s proffered testimony demonstrated that the defendant’s confession letter was not drafted in accordance with any negotiations pertaining to his decision to enter into a plea deal, but rather, the confession letter was an unsolicited, unilateral utterance. As such, the record fails to support the defendant’s claim of error.
 
 See Stevens v. State,
 
 419 So.2d 1058, 1062 (Fla.1982).
 

 The defendant lastly argues that the prosecutor’s closing argument contained improper comments which warrant the grant of a new trial. Specifically, the defendant maintains that, although no objection was raised by defense counsel below with regard to comments made by the prosecutor during his closing argument, the unobjected-to comments which “ridiculed the defendant’s decision to take his case to trial and expressed his personal opinion that the defendant was guilty of the charged offenses” constitute fundamental, reversible error. We disagree.
 

 During his closing argument, the prosecutor set forth a lengthy summary of the evidence which was presented during the trial. The portions of said argument which the defendant claims constitute fundamental error read:
 

 Well, no matter how overwhelming the evidence is against you, no matter if your fingerprint is on the trafficking amount of methamphetamine; no matter if all the listed chemicals that you’re charged with possessing are in your shed that’s ten to 15 feet away from your house; no matter if you were in that shed every day for the last month leading up to your arrest; no matter if you had methamphetamine on you when you were arrested; you’re entitled to a jury trial if you ask for one....
 

 
 *775
 
 And that just because the defendant decides to exercise his right to go to trial, what I’m suggesting to you is we don’t have to sit there and say, well, there must be something. There isn’t anything. There isn’t anything. The defendant is guilty and at this stage, after you’ve seen all the evidence, each and every element of each charge that’s pending against Mr. Courtemanche has been proven beyond and to the exclusion of every reasonable doubt. All the credible evidence that you see proves each element beyond and to the exclusion of every reasonable doubt....
 

 This defendant is guilty of trafficking in methamphetamine whether you believe him or not. And he’s just as guilty on the other two crimes, possession of listed chemical and possession of cannabis.
 

 The State responds to the defendant’s claim of fundamental error by arguing that, even if the prosecutor’s comments were improper because they included his personal opinion as to the guilt of the defendant, since the State’s evidence clearly demonstrated the defendant’s guilt, any error committed by the prosecutor was harmless beyond a reasonable doubt. We conclude that, since the record in this case contains an abundance of evidence demonstrating the defendant’s guilt, including his confession letter, the defendant’s claim of fundamental error is meritless.
 

 AFFIRMED.
 

 JACOBUS, J., and SMITH, T„ Associate Judge, concur.
 

 [1]
 

 .
 
 See Williams v. State,
 
 110 So.2d 654 (Fla.1959)(explaining that a party may introduce similar crime evidence when it is relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity).